1    BLOOD HURST & O'REARDON, LLP
2    TIMOTHY G. BLOOD (149343)
     LESLIE E. HURST (178432)
3    THOMAS J. O'REARDON II (247952)
     600 B Street, Suite 1550
4    San Diego, CA 92101
     Telephone: 619/338-1100
5    619/338-1101 (fax)
     tblood@bholaw.com
6    lhurst@bholaw.com
     toreardon@bholaw.com

7    Attorneys for Plaintiff

8    [Additional counsel appear on signature page.]

**FILED**

NOV 02 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

10            UNITED STATES DISTRICT COURT

11          SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12   RYAN EDMUNDSON, On Behalf of Himself, All Others Similarly Situated and the General Public, | Case No.: '10 CV 2256 H    JMA |
| 14           Plaintiff, | CLASS ACTION |
| 15        v. | CLASS ACTION COMPLAINT FOR: |
| 16   THE PROCTER & GAMBLE COMPANY, | 1.   VIOLATIONS OF THE UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE §17200 *et seq.* |
| 17         Defendant. | 2.   VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE §1750 *et seq.* |
| | 3.   BREACH OF EXPRESS WARRANTY |
| | DEMAND FOR JURY TRIAL |

BLOOD HURST & O'REARDON, LLP

ORIGINAL

Plaintiff Ryan Edmundson brings this action on behalf of himself and all others similarly situated against defendant Proctor & Gamble Company ("P&G"), and states:

## NATURE OF ACTION

1.      This is a consumer protection class action to redress P&G's misrepresentations concerning its Gillette brand "Fusion Power®" razor blade cartridges.  P&G manufactures, markets, and sells shaving systems called Gillette Fusion® manual and Gillette Fusion Power®.   Through an extensive, consistent and comprehensive years-long marketing campaign, P&G claims: the more expensive Fusion Power razor handles should be paired with the more expensive Fusion Power cartridges, and Fusion manual and Fusion Power blades cartridges are different from each other in ways that are meaningful to the user._P&G's claims are misleading and deceptive, the cartridges are not meaningfully different, and P&G has no proof that they are.

2.      .    Because of P&G's false and deceptive advertising representations, P&G is able to justify the significant premium that consumers pay for Fusion Power cartridges over Fusion manual cartridges.    The retail price for a four-pack of Fusion Power cartridges is approximately 20% more than the retail price for a four-pack of Fusion manual cartridges.

3.      P&G communicates the deceptive messages in a number of ways.  First, as indicated, it names the expensive blade cartridge "Fusion Power®," corresponding with the name of the battery operated "Fusion Power®" handle and names the less expensive blade cartridge simply the "Fusion manual" blade, corresponding with the name of the handle that does not have a battery.  Second, it color codes the two shaving systems so the consumer can readily match up the handles with the blade cartridges when purchasing replacement blade cartridges.  Fusion manual handles and blade cartridges, along with their packaging, are royal blue.  Fusion Power handles and blade cartridges, along with their packaging, are orange. Third, it prominently labels the orange blade cartridges with the "Power" moniker.   Further, it states on the label of the Fusion Power blade cartridge that those blades have "a patented blade coating for incredible comfort."  The coating is "telomer," which the Fusion manual blades are also coated with.  However, the Fusion manual blade cartridge package fails to

BLOOD HURST & O'REARDON, LLP

00023142

1

note this.  Finally, it charges more for the Fusion Power blade cartridge than for the Fusion manual blade cartridge, indicating the existence of a meaningful difference between the two types of blade cartridges.  In fact, there is no difference between the blade cartridges, other than the price.  The labels appear as:



BLOOD HURST & O'REARDON, LLP

00023142

2



4.      Plaintiff brings this action on behalf of himself and other similarly situated consumers who purchased Fusion Power blade cartridges in order to halt the dissemination of this false and misleading advertising message, correct the false and misleading perception P&G has created in the minds of consumers, and to obtain redress for those who have purchased Fusion Power blades.  Plaintiff alleges violations of the Consumers Legal Remedies Act, the Unfair Competition Law and breach of express warranty created by P&G's marketing, including its advertising and packaging.

### JURISDICTION AND VENUE

5.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which some of the members of the class of plaintiffs are citizens of states different from P&G.  Further, greater than two-thirds of the class members reside in states other than the state in which P&G is a citizen.

BLOOD HURST & O'REARDON, LLP

00023142

3

1    6.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the

2    acts and transactions giving rise to this action occurred in this district and because defendant:

3         (a)    Is authorized to conduct business in this district and has intentionally

4    availed itself of the laws and markets within this district through the promotion, marketing,

5    distribution and sale of its products in this district;

6         (b)    does substantial business in this district; and

7         (c)    is subject to personal jurisdiction in this district.

8                              **PARTIES**

9    7.    During the class period, plaintiff Ryan Edmundson resided and continues to

10   reside in this district.  During the class period, plaintiff was exposed to and saw P&G's

11   deceptive advertising claims, purchased Fusion Power cartridges in reliance on these claims,

12   and suffered injury in fact and lost money as a result of the unfair competition described

13   herein.

14   8.    Defendant P&G is incorporated in the State of Ohio with its principal business

15   location in Cincinnati, Ohio.  In 2005, P&G purchased the Gillette Company and P&G became

16   the owner of the brand name "Gillette."   P&G is registered to do business in the State of

17   California, and does business in the State of California.  Along with wholesale distribution,

18   P&G sells the Fusion Power cartridges on its e-commerce website.  P&G promotes, distributes

19   and sells the Fusion products at issue throughout the United States, including to tens of

20   thousands of consumers in California.

21                        **FACTUAL ALLEGATIONS**

22   9.    In January 2006, P&G launched its Gillette Fusion manual and Gillette Fusion

23   Power shaving systems in the United States.  Supported by a reported $200 million launch

24   campaign that included two Super Bowl advertisements (for $6 million), the president of

25   Gillette's Blades & Razors Division described the Fusion launch as a "blockbuster marketing

26   program, absolutely huge, the biggest launch of a Gillette shaving system in history."

27   According to the Gillette president, "you will see Fusion absolutely everywhere you go."  In

28

BLOOD HURST & O'REARDON, LLP

00023142

4

1    the first week alone of the launch, 180,000 promotional Fusion displays were sent out to retail

2    stores.

3    　　　　10.　　P&G refers to a razor handle and corresponding blade as a "shaving system."

4    The Fusion brand consists of what P&G calls the Fusion Power® system and the Fusion

5    manual system.  According to P&G, a shaving "system" consist of a razor handle and a blade

6    cartridge. . The Fusion Power handle contains a battery-operated mechanism that causes the

7    handle and blade cartridge to vibrate during use – purportedly emitting "micropulses" that

8    leads to shaves that are superior to shaves using the Fusion manual handle, which does not

9    contain a battery-operated mechanism and does not vibrate during use.

10   　　　　11.　　Each Fusion blade cartridge, whether manual or Power®, consists of five

11   individual blades on the front of the cartridge and a single blade on the back of the cartridge

12   which Gillette names the Precision Trimmer.  As P&G concedes, both the Fusion manual and

13   Fusion Power blade cartridges "share the same core blade technology …: the 5 Blade Shaving

14   Surface Technology, the Precision Trimmer Blade, the Flexible Comfort Guard, and the

15   Enhanced Indicator Lubrastrip."   P&G conveys that the Power blade cartridge provides

16   meaningfully better shaves than the Fusion manual blade cartridge, and must be used with the

17   Fusion Power® handle to obtain the best shaves.

18   　　　　12.　　Since the 2006 launch of the Fusion system, P&G's has consistently advertised

19   that the Fusion manual blade cartridge should be used with the Fusion manual handles, while

20   the more expensive Fusion Power blade cartridges should be used with the more expensive

21   Fusion Power razor handles.  P&G has done this through package color coding, prominently

22   placing "Power" on the front of the Fusion Power blade cartridge package, and by the price

23   differential.  The packaging for the Fusion Power® and Fusion manual blade cartridges and

24   handles appear substantially as follows:

25

26

27

28

BLOOD HURST & O'REARDON, LLP

   

13.     As seen above, the only material differences between the front packaging of the Fusion manual and Fusion Power cartridge packaging is the "Power" moniker and the prominent color differences, which correspond to the respective handle packaging.  Based on these deceptive and misleading representations consumers who own the more expensive and orange Fusion Power razor handle are led to purchase the more expensive and orange Fusion Power cartridges.

14.     Those consumers that view and compare the backsides of the Fusion manual and Fusion Power cartridge packages are even further deceived.  That is because on the backside of the Fusion Power cartridge packaging, P&G states that Fusion Power cartridges have "PowerGlide Blades…a patented blade coating for incredible comfort."  That is, the Fusion Power cartridges are treated with a "thin uniform telomer" ("TUT") coating resulting in the tradenamed PowerGlide blades.  However, like the Fusion Power cartridges, the Fusion manual cartridges also have a thin telomer coating, but the packaging fails to state this.

15.     P&G's Fusion Power cartridge PowerGlide representations are false, misleading and reasonably likely to deceive the public.  In truth, the PowerGlide blade coating

BLOOD HURST & O'REARDON, LLP

00023142

1   does not provide any meaningful improvement in shaving, including over Fusion manual

2   cartridge's telomer blade coating.

3      16.   Further, to the extent there may be an immaterial, but nonetheless measureable,

4   reduction in cutting force associating with the PowerGlide blade coating, it disappears after the

5   first shave and even then only impacts dry shaving.   In fact, the PowerGlide TUT patent

6   application concedes the fleeting nature of the so-called "comfort" improvement.   The first

7   sentence of the PowerGlide patent application Abstract states: "The present invention relates to

8   razor blade cutting edges which exhibit improvement in the first shave."   The "first shave"

9   limitation is repeated again in the "Summary of the Invention" which provides: "The present

10  invention relates to razor blade cutting edges which exhibit an improvement in the 'first shave'

11  cut." And as the patent application recognizes, coated razor blades, like the Fusion manual and

12  Fusion Power cartridges, only provide "comfort" benefits when shaving a dry beard.

13     17.   The PowerGlide first-shave limitation results from the method of application of

14  the telomer coating to the blades.   The telomer coatings present on both the Fusion manual and

15  Fusion Power cartridges are sprayed on to the razor blade edges by spray guns.   The telomer

16  films are applied in a relatively thick coat.   While the PowerGlide TUT chemical refining

17  process thins the coat after the initial telomer is applied, so does the shaving process.   In fact,

18  the "thicker" PowerGlide coating is also pushed back during the first several shaving strokes.

19  Thus, there is no material difference in comfort or performance between the Fusion manual

20  and the Fusion Power cartridges.

21     18.   Because of P&G's deceptive advertising, plaintiff and Class members have

22  purchased a parity product at a premium price.

23                    **CLASS DEFINITION AND ALLEGATIONS**

24     19.   Plaintiff brings this action on behalf of himself and members of a Class defined

25  as:

26     All persons who purchased Gillette Fusion Power® cartridges.   Excluded from
       the Class is Defendant and its officers, directors and employees and those who
27     purchased Gillette Fusion Power® cartridges for the purpose of resale.

28

BLOOD HURST & O'REARDON, LLP

00023142

7

20. **Numerosity**. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains hundreds of thousands of members.

21. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a)     whether P&G had adequate substantiation for its claims prior to making them;

(b)     whether the claims discussed above are true, or are misleading, or reasonably likely to deceive;

(c)     whether P&G's alleged conduct violates public policy;

(d)     whether the alleged conduct constitutes violations of the laws asserted;

(e)     whether P&G engaged in false or misleading advertising;

(f)     whether plaintiff and Class members have sustained monetary loss and the proper measure of that loss;

(g)     whether plaintiff and Class members are entitled to an award of punitive damages; and

(h)     whether plaintiff and Class members are entitled to declaratory and injunctive relief.

22. **Typicality**. Plaintiff's claims are typical of the claims of the members of the Class in that the defendant was unjustly enriched as a result of plaintiff's and the Class' respective purchases of Fusion Power® cartridges.

23. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

00023142

BLOOD HURST & O'REARDON, LLP

1    24.    *Superiority*.  A class action is superior to all other available means for the fair

2    and efficient adjudication of this controversy.  The damages or other financial detriment

3    suffered by individual Class members is relatively small compared to the burden and expense

4    that would be entailed by individual litigation of their claims against P&G.  It would thus be

5    impracticable or impossible for the proposed Class members to prosecute their claims

6    individually.  The trial and litigation of plaintiff's claims present no unusual management

7    difficulties.

8    25.    In the alternative, the Class may also be certified because:

9         (a)    the prosecution of separate actions by individual Class members would

10   create a risk of inconsistent or varying adjudication with respect to individual Class members

11   that would establish incompatible standards of conduct for the defendant;

12        (b)    the prosecution of separate actions by individual Class members would

13   create a risk of adjudications with respect to them that would, as a practical matter, be

14   dispositive of the interests of other Class members not parties to the adjudications, or

15   substantially impair or impede their ability to protect their interests; and/or

16        (c)    Defendants has acted or refused to act on grounds generally applicable

17   to the Class thereby making appropriate final declaratory and/or injunctive relief with respect

18   to the members of the Class as a whole.

19   26.    Unless a Class is certified, defendant will retain monies received as a result of

20   its conduct that were taken from plaintiff and Class members.  Unless a Class-wide injunction

21   is issued, defendant will continue to commit the violations alleged, and the members of the

22   Class and the general public will continue to be misled.

## COUNT I

### Violation of Business & Professions Code §17200, *et seq.*

25   27.    Plaintiff repeats and realleges the allegations contained in the paragraphs above,

26   as if fully set forth herein.

27   28.    Plaintiff brings this claim individually and on behalf of the Class.

00023142

BLOOD HURST & O'REARDON, LLP

29. As alleged herein, plaintiff has suffered injury in fact and lost money or property as a result of defendant's conduct because he purchase Fusion Power cartridges in reliance on P&G's deceptive claims as alleged above.

30. The Unfair Competition Law, Business & Professions Code §17200, *et seq.* ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising. In the course of conducting business, defendant committed unlawful business practices by, *inter alia*, making the representations (which also constitutes advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770, Business & Professions Code §§17200, *et seq.*, 17500, *et seq.*, and the common law.

31. Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

32. Defendant's actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, defendant engages in false advertising, misrepresents and omits material facts regarding its Fusion Power cartridges, and thereby offends an established public policy, and engages in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers. The gravity of defendant's conduct outweighs any benefits attributable to such conduct.

33. There were reasonably available alternatives to further P&G's legitimate business interests, other than the conduct described herein.

34. Business & Professions Code §17200, *et seq.*, also prohibits any "fraudulent business act or practice."

35. P&G's actions, claims, nondisclosures, and misleading statements, as alleged in this Complaint, were false, misleading and likely to deceive the consuming public within the meaning of Business & Professions Code §17200, *et seq.*

36. Plaintiff and other members of the Class have in fact been deceived as a result of their reliance on defendant's representations and omissions. This reliance has caused harm

BLOOD HURST & O'REARDON, LLP

1   to plaintiff and other members of the Class.  Plaintiff and other Class members have suffered

2   injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

3       37.    As a result of its unfair business practices, defendant has obtained unjust

4   revenue and profits.

5       38.    Unless restrained and enjoined, defendant will continue to engage in the above-

6   described conduct.  Accordingly, injunctive relief is appropriate.

7       39.    Plaintiff, on behalf of himself, all others similarly situated, and the general

8   public, seeks restitution of all money obtained from plaintiff and the members of the Class

9   collected as a result of its unfair competition, an injunction prohibiting defendants from

10  continuing such practices, corrective advertising and all other relief this Court deems

11  appropriate, consistent with Business & Professions Code §17203.

## COUNT II

**Violations of the Consumers Legal Remedies Act –
Civil Code §1750 *et seq.***

40.    Plaintiff repeats and realleges the allegations contained in the paragraphs above,
as if fully set forth herein.

41.    Plaintiff brings this claim individually and on behalf of the Class.

42.    This cause of action is brought pursuant to the Consumers Legal Remedies Act,
Civil Code §1750, *et seq.* (the "Act").  Plaintiff is a consumer as defined by Civil Code
§1761(d).  The Fusion Power cartridges are goods within the meaning of the Act.

43.    P&G violated and continues to violate the Act by engaging in the following
practices proscribed by Civil Code §1770(a) in transactions with plaintiff and the Class which
were intended to result in, and did result in, the sale of the Fusion Power® cartridges:

(5)    Representing that [Fusion Power cartridges have] . . . characteristics, . . .
uses [or] benefits . . . which [they do] not have . . . .

\*       \*       \*

(7)    Representing that [Fusion Power cartridges are] of a particular standard,
quality or grade . . . if they are of another.

\*       \*       \*

(9)    Advertising goods . . . with intent not to sell them as advertised.

BLOOD HURST & O'REARDON, LLP

11

*       *       *

(16)   Representing that [Fusion Power cartridges have] been supplied in accordance with a previous representation when [they have] not.

44.   P&G violated the Act by representing through its advertisements the Fusion Power cartridges as described above when it knew, or should have known, that the representations and advertisements were unsubstantiated, false and misleading.

45.   Pursuant to Civil Code §1782(d), plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of defendant and for restitution.

46.   Pursuant to Civil Code §1782, by letter dated November 2, 2010, plaintiff notified defendant in writing by certified mail of the particular violations of Civil Code §1770 and demanded that defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act.  A copy of the letter is attached as Exhibit 1.  If defendant fails to rectify or agree to rectify the problems associated with the actions detailed above or give notice to all affected consumers within 30 days of the date of written notice pursuant to Civil Code §1782, plaintiff will amend this Complaint to add claims for actual, punitive and statutory damages, as appropriate.

47.   Defendant's conduct is malicious, fraudulent and wanton.

48.   Pursuant to Civil Code §1780(d), attached hereto as Exhibit 2 is the affidavit showing that this action has been commenced in the proper forum.

## COUNT III

### Breach of Express Warranty

49.   Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

50.   Plaintiff brings this claim individually and on behalf of the Class.

51.   Plaintiff, and each member of the Class, formed a contract with defendant at the time plaintiff and the other members of the Class purchased the Fusion Power cartridges.  The terms of that contract include the promises and affirmations of fact made by P&G on its Fusion Power cartridge packaging and through its marketing campaign, as described above.

BLOOD HURST & O'REARDON, LLP

1   This product packaging and advertising constitutes express warranties, became part of the

2   basis of the bargain, and are part of a standardized contract between plaintiff and the members

3   of the Class on the one hand, and P&G on the other.

4        52.    All conditions precedent to P&G's liability under this contract have been

5   performed by plaintiff and the Class.

6        53.    P&G breached the terms of this contract, including the express warranties, with

7   plaintiff and the Class by not providing the Fusion Power cartridges as represented and which

8   could provide the benefits described above.

9        54.    As a result of P&G's breach, plaintiff and the Class have been damaged in the

10   amount of the purchase price of the Fusion Power cartridges they purchased.

**PRAYER FOR RELIEF**

12   Wherefore, plaintiff prays for a judgment:

13       A.    Certifying the Class as requested herein;

14       B.    Awarding plaintiff and the proposed Class members damages;

15       C.    Awarding restitution and disgorgement of P&G's revenues to plaintiff and the

16   proposed Class members;

17       D.    Awarding declaratory and injunctive relief as permitted by law or equity,

18   including: enjoining defendant from continuing the unlawful practices as set forth herein, and

19   directing defendant to identify, with Court supervision, victims of its conduct and pay them

20   restitution and disgorgement of all monies acquired by defendant by means of any act or

21   practice declared by this Court to be wrongful;

22       E.    Ordering P&G to engage in a corrective advertising campaign;

23       F.    Awarding attorneys' fees and costs; and

24

25

26

27

28

BLOOD HURST & O'REARDON, LLP

00023142

1    G.    Providing such further relief as may be just and proper.

2                                **JURY DEMAND**

3    Plaintiff demands a trial by jury on all issues so triable.

4    Dated:  November 2, 2010              BLOOD HURST & O'REARDON, LLP
                                            TIMOTHY G. BLOOD (149343)
5                                           LESLIE E. HURST (178432)
                                            THOMAS J. O'REARDON II (247952)
6

7                                           By: _____
                                               TIMOTHY G. BLOOD
8

9                                           600 B Street, Suite 1550
                                            San Diego, CA  92101
10                                          Telephone: 619/338-1100
                                            619/338-1101 (fax)
11                                          tblood@bholaw.com
                                            lhurst@bholaw.com
12                                          toreardon@bholaw.com

13                                          BONNETT, FAIRBOURN, FRIEDMAN
                                              & BALINT, P.C.
14                                          ANDREW S. FRIEDMAN
                                            ELAINE A. RYAN
15                                          PATRICIA N. SYVERSON (CA 203111)
                                            2901 N. Central Avenue, Suite 1000
16                                          Phoenix, AZ  85012-3311
                                            Telephone:  602/274-1100
17                                          602/798-5825 (fax)
                                            afriedman@bffb.com
18                                          eryan@bffb.com
                                            psyverson@bffb.com

19                                          BONNETT, FAIRBOURN, FRIEDMAN
                                              & BALINT, P.C.
20                                          TODD D. CARPENTER (CA 234464)
                                            600 West Broadway, Suite 900
21                                          San Diego, CA 92101
                                            Telephone:  619/756-7095
22                                          602/798-5825 (fax)
                                            tcarpenter@bffb.com

23                                          WHATLEY DRAKE & KALLAS
24                                          PATRICK SHEEHAN
                                            60 State Street, 7th Floor
25                                          Boston, MA  02109
                                            Telephone: 617/573/5118
26                                          617/573-5090 (fax)
                                            psheehan@wdklaw.com

27                                          Attorneys for Plaintiff

28

BLOOD HURST & O'REARDON, LLP

00023142                               14

EXHIBIT 1



BLOOD
HURST &
O'REARDON | LLP

600 B Street, Suite 1550 | San Diego, CA 92101
T | 619.338.1100  F | 619.338.1101
www.bholaw.com

Timothy G. Blood
tblood@bholaw.com

November 2, 2010

Via Certified Mail, Return Receipt Requested
(No. 7005 0390 0005 9156 2684)

Bob McDonald
Chairman, President and CEO
The Procter & Gamble Co.
c/o Daniel J. Stephenson
Dykema Gossett PLLC
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

Re:    *Edmundson v. The Procter & Gamble Co.*

Dear Mr. Stephenson:

We represent Ryan Edmundson and all other consumers similarly situated in an action against The Procter & Gamble Co. ("P&G"), arising out of, *inter alia*, misrepresentations, either express or implied, by P&G to consumers that Gillette Fusion Power® cartridges must be used with Gillette Fusion Power razor handles, and that Gillette Fusion Power cartridges are materially different and superior to Gillette Fusion manual cartridges due in whole or in part to the PowerGlide® blade coating.  As counsel for P&G in this matter, this letter is served upon you.

Mr. Edmundson and others similarly situated purchased Gillette Fusion Power cartridges, unaware of the fact that P&G's representations were not truthful or substantiated.  Despite P&G's Fusion Power labeling and advertisements, including that the more expensive orange Fusion Power razor handles must use the more expensive orange Fusion Power cartridges, and that the PowerGlide blade coating provides a material, perceptible benefit, the Fusion Power and Fusion manual cartridges are interchangeable and materially the same.  In fact, the U.S. patent application for the blade coating process tradenamed PowerGlide concedes that any difference applies only to dry shaving and "relates to razor blade cutting edges which exhibit an improvement in the 'first shave' cut."  The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is attached and incorporated by this reference.

These representations are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by P&G with the intent to result in the sale of Gillette Fusion Power cartridges to the consuming public.  In fact, these representations do not assist consumers; they simply mislead them.

00022142

8



**BLOOD HURST & O'REARDON** | LLP

Bob McDonald
c/o Daniel J. Stephenson
November 2, 2010
Page 2

This practice constitutes a violation of California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

> (5)     Representing that [Gillette Fusion Power cartridges] have . . . characteristics, . . . uses [or] benefits . . . which they do not have.

> \* \* \*

> (7)     Representing that [Gillette Fusion Power cartridges] are of a particular standard, quality or grade, . . . if they are of another.

> \* \* \*

> (9)     Advertising goods . . . with the intent not to sell them as advertised.

> \* \* \*

> (16)     Representing that [Gillette Fusion Power cartridges have] been supplied in accordance with a previous representation when [they have] not.

California Civil Code §1770(a)(5)-(16).

P&G's claims also constitute violations of California Business and Professions Code §17200, *et seq.*, and a breach of the express warranties.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated in the United States that P&G immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, P&G should offer to refund the purchase price to all consumer purchasers of these products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims would also include claims under already asserted theories of unlawful business acts and practices, unfair and fraudulent business acts and practices, false and



BLOOD
HURST &
O'REARDON | LLP

Bob McDonald
c/o Daniel J. Stephenson
November 2, 2010
Page 3

deceptive advertising, as well as the claims under the Consumers Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that P&G address this problem immediately.

P&G must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

1.    Identify or make a reasonable attempt to identify purchasers of the subject products who reside in the United States;

2.    Notify all such purchasers so identified that upon their request, P&G will offer an appropriate correction, replacement, or other remedy for its wrongful conduct, which can include a full refund of the purchase price paid for such products, plus interest, costs and fees;

3.    Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all Gillette Fusion Power cartridge purchasers who so request; and

4.    Cease from expressly or impliedly representing to consumers that these products have been clinically proven to contain additional health benefits for all persons when there is no reasonable basis for so claiming, as more fully described in the attached Complaint.

We await your response.

Regards,

TIMOTHY G. BLOOD

TGB:rc

Enclosures

00022142

EXHIBIT 2

1 │ BLOOD HURST & O'REARDON, LLP
    │ TIMOTHY G. BLOOD (149343)
2 │ LESLIE E. HURST (178432)
    │ THOMAS J. O'REARDON II (247952)
3 │ 600 B Street, Suite 1550
    │ San Diego, CA  92101
4 │ Telephone: 619/338-1100
    │ 619/338-1101 (fax)
5 │ tblood@bholaw.com
    │ lhurst@bholaw.com
6 │ toreardon@bholaw.com

7 │ Attorneys for Plaintiff

8

9

10 │              UNITED STATES DISTRICT COURT

11 │            SOUTHERN DISTRICT OF CALIFORNIA

12 │ RYAN EDMUNDSON, On Behalf of        │ No.:
    │ Himself, All Others Similarly Situated and
13 │ the General Public,                │ CLASS ACTION

14 │              Plaintiff,            │ AFFIDAVIT OF THOMAS J. O'REARDON II
    │                                    │ PURSUANT TO CALIFORNIA CIVIL CODE
15 │          v.                        │ §1780(d)

16 │ THE PROCTER & GAMBLE
    │ COMPANY,
17 │
    │              Defendant.
18 │                                    │ DEMAND FOR JURY TRIAL

19

20

21

22

23

24

25

26

27

28

BLOOD HURST & O'REARDON, LLP

1    I, THOMAS J. O'REARDON II, declare as follows:

2        1.      I am an attorney duly licensed to practice before all of the courts of the State of

3    California.   I am a member of the law firm of Blood Hurst & O'Reardon LLP, one of the

4    counsel of record for plaintiff in the above-entitled action.

5        2.      Defendant The Procter & Gamble Company has done and is doing business in

6    San Diego County.   Such business includes the marketing and sale of Gillette brand "Fusion

7    Power®" razor blade cartridges.   Furthermore, plaintiff Ryan Edmundson purchased Gillette

8    brand "Fusion Power®" razor blade cartridges in San Diego County.

9        I declare under penalty of perjury under the laws of the State of California that the

10   foregoing is true and correct.   Executed this 2nd day of November, 2010, at San Diego,

11   California.

12

13

14                                              THOMAS J. O'REARDON II

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BLOOD HURST & O'REARDON, LLP

00021886

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

RYAN EDMUNDSON, On Behalf of Himself, All Others Similarly Situated and the General Public

**DEFENDANTS**

THE PROCTER & GAMBLE COMPANY

**FILED**

**NOV 0 2 2010**

(b) County of Residence of First Listed Plaintiff **San Diego, CA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Hamilton, OH**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**SOUTHERN DISTRICT OF CALIFORNIA**

**BY** /s/ **DEPUTY**

(c) Attorney's (Firm Name, Address, and Telephone Number)

Timothy G. Blood, Blood Hurst & O'Reardon, LLP, 600 B Street, Suite 1550, San Diego, CA 92101 (619) 338-1100

Attorneys (If Known)

**'10 CV 2256 H        JMA**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332(d)(2)

Brief description of cause:
Violation of Civil Code sec. 1750, Bus & Prof. Code sec. 17200, Breach of Express Warranty

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 5,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE 11/02/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 9864    AMOUNT $350—    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

TB 11-03-10

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.       (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.       Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.       Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.       Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.       Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.       Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**       Example:       U.S. Civil Statute: <u>47 USC 553</u>
                                                                                          Brief Description: <u>Unauthorized reception of cable service</u>

**VII.       Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.       Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS019864
Cashier ID: mbain
Transaction Date: 11/03/2010
Payer Name: BLOOD HURST AND OREARDON
-----------------------------------
CIVIL FILING FEE
  For: EDMUNDSON V PROCTER AND GAMBLE
  Case/Party: D-CAS-3-10-CV-002256-001
  Amount:         $350.00
-----------------------------------
CHECK
  Check/Money Order Num: 1388
  Amt Tendered:  $350.00
-----------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```