UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN EDMUNSON, On Behalf of Himself, All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>vs.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | CASE NO: 10-CV-2256-IEG (NLS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 27] |

Presently before the Court is Defendant's motion to dismiss Plaintiff's First Amended Complaint. [Doc. No. 27.] For the reasons stated below, the Court **GRANTS** Defendant's motion.

**BACKGROUND**

The general factual background will not be repeated in detail here, as it is fully set forth in the Court's May 17, 2011, Order granting Defendant's motion to dismiss Plaintiff's initial complaint. [Doc. No. 24.] In sum, named plaintiff Ryan Edmunson alleges Proctor & Gamble ("P&G") has deceptively advertised that its Fusion Power razor cartridges are superior to its Fusion manual razor cartridges, when, in fact, the two types of razors are functionally identical. Plaintiff alleges P&G's advertising induced him, and other consumers, to purchase Fusion Power cartridges, which cost approximately 20% more than Fusion manual cartridges. The essential facts related to P&G's

1

packaging, advertisements, and general messaging remain unchanged in the FAC, and the FAC does not rely upon any new or different packaging or manufacturer representations.

Plaintiff's initial complaint raised three causes of action: (1) Violations of California's Unfair Competition Law ("UCL"), (2) Violations of California's Consumers Legal Remedies Act ("CLRA"), and (3) Breach of Express Warranty.  After the Court dismissed all three claims, Plaintiff filed the FAC, which re-alleges only the claims under the UCL and the CLRA.  Defendant now moves to dismiss the FAC, and asks the Court to dismiss with prejudice.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted).  Leave to amend should be granted unless the defect is not curable. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003).

The Court must accept all factual allegations pleaded in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  The Court need not, however, accept legal conclusions as true. *See Ashcroft v. Iqbal*, ---U.S.---, 129 S. Ct. 1937, 1949 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940.

## DISCUSSION

In the initial complaint, Plaintiff's UCL and CLRA claims were based on the allegation that P&G's advertising conveys two false messages: (1) Fusion Power razors are superior to Fusion manual razors, and (2) Fusion Power handles only function with Fusion Power cartridges, or, in other words,

2

they are not compatible with Fusion manual cartridges.  In its order granting dismissal with leave to amend, the Court held the alleged message of product superiority was nonactionable puffery, and, while the compatibility message was actionable, Plaintiff failed to plead sufficient facts to satisfy Rule 9(b).  In this motion to dismiss, P&G argues that it did not make either of the complained-of representations; even if it did represent that one of its razors is superior to the other, that message is still puffery; and Plaintiff's amended complaint still fails to satisfy Rule 9(b).

In the FAC, and his Opposition, Plaintiff clarifies that the alleged compatibility message depends on the alleged superiority message.  [*See* Pl.'s Opp'n, at 3 ("[T]he 'compatibility' allegations are not to be read separate and apart from the 'superiority' allegations. . . .  P&G misrepresents . . . that its Fusion Power blades are required for use with the Fusion power handle *in order to obtain a superior shave as claimed by P&G*." (emphasis added)); *see* FAC, ¶¶ 2, 18.]  Thus, none of Plaintiff's claims can survive unless the alleged superiority message is actionable.  It is not.

"[A] statement that is quantifiable, that makes a claim as to the 'specific or absolute characteristics of a product,' may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery." *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008) (quoting *Cook, Perkiss, & Liehe v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 245 (9th Cir. 1990)).  Absent incorporation of objective, measurable criteria, subjective claims of product superiority are nonactionable puffery.  *See id.*; *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997); *see also Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 501-02 (5th Cir. 2000); *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 945-46 (3d Cir. 1993).

In previously holding that the alleged superiority message was mere puffery, the Court underscored the message's inherent subjectivity, noting that the "complaint suggests no way to objectively measure whether Fusion Power razors are different from or superior to the Fusion manual blades." [Doc. No. 24, at 7.] The FAC attempts to impose an air of objectivity on the alleged superiority message by pointing to four objective measures of a shave's quality: (1) closeness—"measured by the length of the beard hair left after shaving," (2) pressure—"measured by the force required to cut beard hair," (3) skin irritation—measured "by nicks, cuts and micro-abrasions on the skin after shaving and by the amount of pull on the beard hairs," and (4) comfort, "a function of

3

closeness, pressure and irritation and . . . a relative descriptor that can be otherwise measured." [FAC ¶ 23; *see also id.* ¶¶ 2-3, 7, 17, 21-25.]  Plaintiff argues those criteria are appropriate because they correspond with "common experience" and P&G itself used them in its patent for the teleomer coating used on the Fusion Power razors.  [*See* Pl.'s Opp'n, at 12-13.]

In purchasing Fusion products, however, Plaintiff alleges he and other consumers relied on product packaging and advertisements, not patents issued to P&G.  Plaintiff does not allege that P&G's advertisements or packaging listed, referenced, or otherwise incorporated its patents or any criteria for measuring a "better" shave.  Thus, the alleged superiority representation is neither quantifiable nor related to an absolute characteristic of the razor cartridges; such subjective representations of product superiority are mere puffery.  *See Newcal Indus.*, 513 F.3d at 1053 (holding representations of "low costs" and "flexibility" the cost structure of contracts were puffery because they were not quantifiable); *Southland Sod*, 108 F.3d at 1145 (holding "less is more" is not measurable and thus nonactionable puffery, while "50% less mowing" is "a specific and measurable advertisement claim of product superiority based on product testing and, as such, is not puffery"); *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1089 (S.D. Cal. Nov. 30, 2010) (holding representations of a product's "high" or "superior" quality amounted to puffery); *see also Pizza Hut*, 227 F.3d at 501-02 (finding the slogan "Better Ingredients. Better Pizza." to be actionable only because it was used in advertisements referencing specific ingredients, and thus "gave quantifiable meaning to the word 'Better'"); *Castrol*, 987 F.2d at 945-46 (finding a motor oil producer's representation of "superior engine protection" actionable only because it expressly referenced comparative scientific testing of a particular type of engine wear).

Plaintiff's UCL and CLRA claims all stem from the alleged representation that Fusion Power razors are superior to Fusion manual razors.  That representation is nonactionable puffery.  Thus, Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

///

///

///

///

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss. Plaintiff's complaint is dismissed **WITH PREJUDICE.**  The Clerk shall terminate this Action.

**IT IS SO ORDERED.**

**DATED:** 9/8/11

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**